## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BANK OF AMERICA CALIFORNIA
UNEMPLOYMENT BENEFITS LITIGATION    MDL No. 2992

### TRANSFER ORDER

    **Before the Panel:**[*] Plaintiff in one action (*Yick*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This litigation currently consists of ten actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of ten related actions.[1]

    Plaintiffs in the other nine actions on the motion and one potential tag-along action (*Smith*) support centralization in the Northern District of California.[2] Defendant Bank of America, N.A. ("BANA") opposes centralization in favor of informal coordination.

    On the basis of the papers filed and the hearing session held,[3] we find that these actions involve common questions of fact, and that centralization in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that defendant BANA, the entity contracted by California to distribute unemployment benefits to eligible recipients, failed to safeguard and properly manage benefits during the pandemic and unlawfully froze or denied access to funds in recipients' debit card accounts. Common factual questions include: (1) the nature of BANA's relationship with the California Employment Development Department ("EDD") with respect to administering unemployment benefits and responding to claims of fraud; (2) BANA's policy and practices for responding to fraud reports from recipients of EDD benefits – in particular, the process for conducting

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Plaintiffs in one Central District of California action filed a brief opposing centralization, but subsequently filed a notice changing their position, stating that they supported centralization in the Northern District of California. *See* Doc. No. 52, MDL No. 2992 (J.P.M.L. May 21, 2021).

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2992 (J.P.M.L. May 10, 2021).

-2-

investigations in response to error claims; and (3) BANA's alleged decision to freeze EDD debit card accounts on a mass basis in late 2020. Additionally, nearly all actions share questions of fact as to BANA's data security practices – mainly, BANA's use of allegedly outdated magnetic stripe technology in EDD debit cards instead of microchip technology. Moreover, the EDD is a named defendant in one action and has been identified as a key subject of third-party discovery in all other actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, defendant principally argues that informal coordination is a practicable alternative, as the litigation is limited to claims arising only in California. We find this argument unpersuasive. There currently are 20 related actions pending in four districts, including potential tag-along actions. Although the actions in the Northern District of California have been consolidated under Rule 42, there are still eight actions pending outside of the Northern District, and seven competing groups of firms represent the various plaintiffs in this litigation. The claims and proposed classes overlap extensively but with substantive differences that will make informal coordination unwieldy. Plaintiffs anticipate significant discovery on the involved state agency, which is a non-party in all actions but one, posing a further obstacle to informal coordination.

We also considered whether Section 1404 provides a viable alternative to centralization. But no Section 1404 transfer motions are pending and, at oral argument, neither BANA nor plaintiffs indicated a willingness to seek transfer of one or more actions under Section 1404 to narrow the number of involved districts. There also is a strong likelihood of additional potential tag-along actions, considering the significant increase in the number of related actions to date and the nature of the alleged conduct at issue. Thus, on this record, Section 1404 does not provide a reasonable prospect for eliminating the multidistrict character of the litigation.

The Southern District of California is an appropriate transferee forum for this litigation. Centralization in this district allows us to assign this litigation to a less-frequently utilized district, where seven potential tag-along actions are pending. Judge Larry A. Burns is an experienced transferee judge with the willingness and ability to manage this litigation. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Larry A. Burns for coordinated or consolidated pretrial proceedings.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry     Nathaniel M. Gorton
Matthew F. Kennelly     Roger T. Benitez
Dale A. Kimball

I hereby attest and certify on **Jun 09, 2021** that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: **s/ R. Chapman**
Deputy

**IN RE: BANK OF AMERICA CALIFORNIA
UNEMPLOYMENT BENEFITS LITIGATION**  MDL No. 2992

## SCHEDULE A

<u>Central District of California</u>

ZOELLE, ET AL. v. BANK OF AMERICA, N.A., ET AL., C.A. No. 2:21−00518

<u>Eastern District of California</u>

WIGGINS v. BANK OF AMERICA, N.A., C.A. No. 2:21−00319

<u>Northern District of California</u>

YICK v. BANK OF AMERICA, N.A., C.A. No. 3:21−00376
RODRIGUEZ v. BANK OF AMERICA, N.A., C.A. No. 3:21−00494
WILLRICH v. BANK OF AMERICA, N.A., C.A. No. 3:21−00547
MCCLURE v. BANK OF AMERICA, N.A., C.A. No. 3:21−00572
OOSTHUIZEN, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 3:21−00615
WILSON v. BANK OF AMERICA, N.A., C.A. No. 3:21−00699
MOSSON v. BANK OF AMERICA, N.A., C.A. No. 3:21−00743
CAJAS v. BANK OF AMERICA, N.A., C.A. No. 3:21−00869